UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT JOSEPH GARDNER,<br>  Plaintiff,<br>v.<br>WILLIAM MUNIZ,<br>  Defendant. | Case No. 16-cv-02663-EDL<br><br>**ORDER TO SHOW CAUSE**<br>Re: Dkt. No. 1 |

Petitioner Robert Gardner, a state prisoner, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## I. BACKGROUND

Petitioner was convicted by a jury in a California court of first-degree murder in violation of California Penal Code section 187, torture in violation of California Penal Code section 206, burglary in violation of California Penal Code section 459, and grand theft in violation of California Penal Code section 487. Petitioner was sentenced to twenty-five years to life imprisonment for murder, a consecutive term of one year and four months for burglary, and a consecutive term of eight months for grand theft. Petitioner was also sentenced to life imprisonment for torture, but that punishment was stayed pursuant to California Penal Code section 654. Petitioner unsuccessfully appealed his conviction to the California Court of Appeal and the Supreme Court of California, which on February 18, 2015 denied review of his petition.

## II. DISCUSSION

### A. Legal Standard

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It shall "award the writ or issue an order directing the respondent to show cause why the writ should

not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

### B. Petitioner's Legal Claims

Petitioner seeks federal habeas corpus relief by raising the following claims: (1) denial of his Sixth Amendment right to self-representation; and (2) violation of his Fifth and Fourteenth Amendment rights against self-incrimination. Liberally construed, the claims appear colorable under 28 U.S.C. § 2254 and merit an answer from respondents.

### III. CONCLUSION

For the foregoing reasons and for good cause shown:

1. The clerk shall serve by certified mail a copy of this order and the petition and all attachments thereto upon respondents. The clerk shall also serve a copy of this order on petitioner and his counsel.

2. Respondents shall file with the court and serve on petitioner, within 60 days of the date of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the answer and serve on petitioner a copy of all portions of the administrative record that are relevant to a determination of the issues presented by the petition.

3. If the petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within 30 days of his receipt of the answer.

**IT IS SO ORDERED.**

Dated: May 31, 2016



ELIZABETH D. LAPORTE
United States Magistrate Judge